**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

JERRY W. FITZGERALD                                                                    PLAINTIFF

v.                                        No. 3:06CV00055 JLH

JO ANNE B. BARNHART,
COMMISSIONER OF
SOCIAL SECURITY ADMINISTRATION                                     DEFENDANT


**OPINION**

    Jerry Fitzgerald challenges the final decision of the Commissioner of the Social Security

Administration denying his claim for Disability Insurance Benefits and Supplemental Security

Income.  For the following reasons, this decision is affirmed.

    The Social Security regulations provide a five-step process to determine whether a claimant

is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S.

Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).  The first step involves a determination of whether the

claimant is involved in substantial gainful activity.  20 C.F.R. §§ 404.1520(b); 416.920(a)(4)(i).  If

not, the second step is to determine whether the claimant has a severe impairment or combination

of impairments.  *Id.* §§ 404.1520(c), 416.920(a)(4)(ii).  The third step is to determine whether the

impairments meet or equal a listed impairment which is presumed to be disabling.  *Id.* §§

404.1520(d), 416.920(a)(4)(iii).  If so, benefits are awarded.  If not, the evaluation proceeds to step

four, which involves a determination of whether the claimant has sufficient residual functional

capacity to perform his or her past work.  *Id.* §§ 404.1520(e)-(f), 416.920(a)(4)(iv).  If the claimant

is unable to do so, the question at step five is whether the claimant is able to perform other

substantial and gainful work within the economy, given the claimant's age, education, and work

experience.  *Id.* §§ 404.1520(g), 416.920(a)(4)(v).

## I.

Fitzgerald applied for benefits on November 9, 2001.  He alleges that he has been disabled since May 19, 2001, because of diabetes, back disorders, pulmonary disorders, hypertension, hearing problems, and the residual effects of a stroke.  Fitzgerald was born in 1951 and was 52 years old at the time of the decision to deny his application for benefits.  He has a sixth-grade education, but asserts that he is functionally illiterate.

Fitzgerald alleges that he suffers from severe back pain, shortness of breath, and weakness as a result of his medical conditions.  He testified that he can stand or sit for only 30 to 40 minutes at a time and walk only 100 yards.  Fitzgerald stated that he cannot climb up a flight of 10 or 12 steps without stopping to rest.  He stated that he can lift but not carry 25 to 35 pounds, but could probably carry 5 to 10 pounds for a short distance.  He testified that he can perform some very limited household cleaning activities, such as sweeping or mopping for 2 or 3 minutes at a time, but cannot bend, squat, or vacuum.  He can bathe and dress himself, but requires assistance to put on his socks and shoes because he is reportedly unable to bend over.  Fitzgerald testified that he takes over-the-counter medications for his pain, such as Tylenol, but receives no other medical treatment for pain and uses no "home remedies."  He stated that his doctors have not prescribed any medications for pain.

Upon conducting the required five-step evaluation, the administrative law judge ("ALJ") determined at step one that Fitzgerald has not engaged in substantial gainful activity since the alleged onset of his disability.  At step two, however, the ALJ determined that the record evidence did not demonstrate that Fitzgerald has any medically determinable "severe" impairment or combination of

impairments.  The ALJ thus concluded that Fitzgerald does not have a disability within the meaning of the Social Security Act.

## II.

On appeal, Fitzgerald argues that the ALJ's decision was not supported by substantial evidence and that he is disabled under the Medical-Vocational Guidelines due to his age, illiteracy, lack of work skills, and medical conditions.

In this judicial review, the Court must determine whether the ALJ's decision is supported by substantial evidence in the administrative record.  42 U.S.C. § 405(g).  If supported by substantial evidence, the ALJ's findings are conclusive and must be affirmed.  *Richardson v. Perales*, 402 U.S. 389, 390, 91 S. Ct. 1420, 1422, 28 L. Ed. 2d 842 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).  Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson*, 402 U. S. at 401, 91 S. Ct. at 1427; *Reynolds*, 82 F.3d at 257.  In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the ALJ's decision as well as evidence that supports it; the Court may not, however, reverse merely because substantial evidence would have supported an opposite decision.  *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

A claimant who is unable to demonstrate a medically determinable severe impairment is not eligible for disability benefits.  *Bowen*, 482 U.S. at 145, 107 S. Ct. at 2293.  An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities.  20 C.F.R. § 404.1520(c).  Basic work activities include physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, and

handling.  *Id.* § 404.1521(b)(1).  This determination is made without regard to the claimant's age, education, and work experience.  *Id.* § 404.1520(c).  An impairment should be deemed not severe and the sequential evaluation process terminated at step two, however, only "when an impairment or combination of impairments would have no more than a minimal effect on the claimant's ability to work."  *Nguyen v. Chater*, 75 F.3d 429, 431 (8th Cir. 1996).  The claimant bears the burden of proving that his impairment is "severe."  *Id.* at 430-31.

In assessing the severity of Fitzgerald's physical conditions, the ALJ considered Fitzgerald's medical records, including records from his treating physicians and two consulting physicians, and Fitzgerald's testimony as to his pain and other symptoms.  The ALJ concluded that Fitzgerald's medical records supported a finding of only mild physical impairments and found incredible Fitzgerald's reports that his functional abilities are extremely limited by these impairments.

The ALJ's written opinion reflected a thorough review of the medical records.  Fitzgerald has a history of diabetes, hypertension, and gastroesophageal reflux disease for which he takes prescription medications, mild numbness and tingling in his hands and feet, obesity, and nasal congestion.  The medical records also show that Fitzgerald has complained of back pain and shortness of breath in the past, but his medical exams revealed no objective findings of injury or disease that would explain these symptoms.  One of the consulting physicians found that Fitzgerald's liver was enlarged, but the cause of this condition was undetermined; Fitzgerald was not diagnosed with cirrhosis, and he tested negative for hepatitis.  The record contains no objective substantiation of Fitzgerald's alleged strokes and no medical evidence of hearing loss.

Dr. Jim Adams, one of the consulting physicians who examined Fitzgerald, submitted a Medical Source Statement in which he assessed Fitzgerald with the ability occasionally to lift and

carry 20 pounds; frequently lift and carry 10 pounds; walk or stand for 6 hours in an 8-hour day, up to one hour without interruption; and sit for 6 hours in an 8-hour day, up to one hour without interruption.  He also stated that Fitzgerald's abilities to feel, push, and pull were affected.  These asserted limitations with regard to Fitzgerald's physical capabilities stand in contrast to Dr. Adams's consultative report, in which Dr. Adams stated that his examination of Fitzgerald revealed normal muscle strength, good manual dexterity, full range of motion of all joints, and no significant spinal abnormalities.  Dr. Adams stated, however, that his assessed limitations were not confirmed by objective findings and that he based his opinion primarily on Fitzgerald's subjective complaints.  The ALJ therefore properly accorded only limited weight to Dr. Adams's opinion.  *See Krogmeier v. Barnhart*, 294 F.3d 1019, 1023 (8th Cir. 2002) (physician's opinion is not entitled to substantial weight unless it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and consistent with other substantial evidence).

Dr. James Fay, the other consulting physician, opined that his findings as to Fitzgerald's physical condition, "taken separately or in combination[,] would generally not be expected to be disabling."  A physician's opinion on the ultimate issue of disability is not binding, 20 C.F.R. §§ 404.1527(e)(1); 416.927(e)(1), and the opinion of a consulting physician alone does not constitute substantial evidence if that opinion conflicts with the opinions of treating physicians and other evidence, *see Cox v. Barnhart*, 345 F.3d 606, 610 (8th Cir. 2003); *Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999).  In this case, however, Dr. Fay's assessment did not conflict with the records from any of Fitzgerald's treating physicians, who neither opined that Fitzgerald was disabled nor placed restrictions on his activities.  *See Depover v. Barnhart*, 349 F.3d 563, 567 (8th Cir. 2003) (ALJ properly considered the fact that none of the physicians involved in the claimant's treatment

stated that he was disabled or unable to work); *Baldwin v. Barnhart*, 349 F.3d 549, 557 (8th Cir. 2003) (noting that none of the claimant's independent physicians restricted or limited his activities); *Dunahoo v. Apfel*, 241 F.3d 1033, 1038-39 (8th Cir. 2001) (ALJ properly considered lack of functional restrictions by claimant's doctors as evidence that claimant was not disabled).  The ALJ therefore did not act improperly in according more weight to Dr. Fay's opinion.  *Cf. Hight v. Shalala*, 986 F.2d 1242, 1244 n.1 (8th Cir. 1993) (noting that the opinion of a consulting physician can constitute substantial evidence; a holding to the contrary would render meaningless the provisions requiring claimants to submit to consultative exams).

After addressing the medical evidence, the ALJ discussed Fitzgerald's testimony and found that it was not credible for several reasons.[1]  First, Fitzgerald's assertions of severe back pain and

---

[1] Fitzgerald applied for benefits and testified at a hearing before the ALJ while living in Mississippi.  Fitzgerald apparently has moved to Arkansas since that time, as his complaint states that he resides in Walnut Ridge, Arkansas.  This Court has jurisdiction to review the matter pursuant to 42 U.S.C. § 405(g), which provides for judicial review of "any final decision of the Commissioner of Social Security" in the "district court of the United States for the judicial district in which the plaintiff resides."  *See also Califano v. Sanders*, 430 U.S. 99, 101-02, 97 S. Ct. 980, 982, 51 L. Ed. 2d 192 (1977) (noting that § 405(g) authorizes federal judicial review of final decisions of the Social Security Administration).  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e), which provides that a civil action against an agency of the United States or one of its officers acting in his official capacity may be brought in any judicial district in which the plaintiff resides if no real property is involved in the action.  *See also Randolph v. Barnhart*, 386 F.3d 835, 836 nn.2-3 (8th Cir. 2004) (noting that venue was proper in Nebraska when the claimant had moved there from another state after seeking Social Security disability benefits).

*Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), sets forth requirements that ALJs in the Eighth Circuit must follow in assessing the credibility of a claimant's subjective complaints of pain and other symptoms.  *See Randolph*, 386 F.3d at 841.  Because the ALJ in this case was based in Mississippi, a part of the Fifth Circuit, he was not bound to follow *Polaski*.  *See id.*  The factors discussed by the ALJ in assessing Fitzgerald's credibility, however, are consistent with the *Polaski* requirements.  In *Polaksi*, the Eighth Circuit explained that, in addition to objective medical evidence, ALJs should consider the claimant's work history; daily activities; duration, frequency, and intensity of pain; precipitating and aggravating factors; medications; and functional restrictions.  *Polaski*, 739 F.2d at 1322.  An ALJ need not discuss all of these factors

extremely limited functional abilities are not supported by the objective medical evidence.  While a claimant's testimony cannot be discounted solely on this basis, *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984), such a discrepancy weighs against a claimant's credibility, *Dixon v. Sullivan*, 905 F.2d 237, 238 (8th Cir. 1990); Soc. Sec. Ruling 96-7p at 5 (July 2, 1996) (degree to which an individual's statements are consistent with medical findings is strong indicator of credibility).  Second, Fitzgerald's testimony that he experiences constant lower back pain was inconsistent with his report to Dr. Fay that he experiences pain only on certain days.  *See Witmer v. United States*, 348 U.S. 375, 382-83, 75 S. Ct. 392, 396, 99 L. Ed. 428 (1955) (inconsistent statements cast considerable doubt on the sincerity of an individual's claim); Soc. Sec. Ruling 96-7p at 5 (July 2, 1996) (a strong indication of the credibility of an individual's statements is their consistency).  Third, Fitzgerald takes no prescription medications and uses no significant "home remedies" to alleviate his alleged pain.  *See Wingert v. Bowen*, 894 F.2d 296, 299 (8th Cir. 1990) (noting that the claimant "did not have to take [pain] medication regularly, except aspirin every 3 to 4 days").  The decision of an ALJ who considers, but for good reasons explicitly discredits, a claimant's testimony should not be lightly disturbed.  *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992).

Finally, Fitzgerald argues that he is disabled under the Medical-Vocational Guidelines because of his age, illiteracy, and lack of transferrable work skills.  As explained above, Fitzgerald has not shown that he has a medically determinable severe impairment.  Because Fitzgerald's age, education, and work experience are not factors in this determination, 20 C.F.R. § 404.1520(c), his argument that the ALJ erred by failing to consider these factors and apply the Medical-Vocational Guidelines is without merit.  The ALJ properly terminated the sequential evaluation at step two.  *See*

---

in depth.  *Dunahoo*, 241 F.3d at 1038.

*Nguyen*, 75 F.3d at 431 (affirming ALJ's evaluation that terminated at step 2 upon finding that the claimant's impairments were not severe; that the claimant "is otherwise unemployable because she lacks either language skills or education does not enter into the calculus absent a severe impairment").

### CONCLUSION

The ALJ's determination that Fitzgerald does not have a medically determinable severe impairment is supported by substantial evidence.  Fitzgerald therefore is not disabled under the Social Security Act.  The Commissioner's decision to deny benefits is AFFIRMED.

IT IS SO ORDERED this 29th day of January, 2007.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE